Thank you. It's an honor to be here. Today's cases will be called as previously announced, and the times will be as allotted to counsel. The first case today is 17-2100, the United States v. Barry Davis. Ms. Peachy. Good morning. May it please the Court, my name is Jane Peachy, and I represent the appellant Barry Davis. I would like to reserve two minutes for rebuttal. You may have it. Thank you. In a system where over 97% of cases result in guilty pleas, plea bargaining is an integral part of the system. It is often the one place where defendants have some leverage and can receive some benefit. That leverage comes from giving up the most important of constitutional rights. Counsel, could you get to the issues in the case, please, quickly? You don't have a lot of time. Yes, Your Honor. This Court has said that when prosecutors enter into a plea... Counsel, just to follow up on Judge Lynch's point, let me share with you what I find troubling about your argument. Yes. There was an agreement on a range of sentencing of 180 to 240 months. It wasn't a guidelines determination. That was the agreement on what seemed to be an appropriate disposition. That's quite a range. You'd be arguing for a lower sentence, the government would be arguing for a higher sentence. I don't see how a court could do its job in imposing a sentence within that range without having a full understanding of the defendant's character and background. And that includes relevant conduct, which the guidelines specifically specify that the type of information the government provided to probation and to the court was relevant conduct. To the extent that the court would receive that information and go beyond the agreed-upon range, your client had a remedy. He could withdraw the plea. But that information seemed extremely important for the court to have in order to do its job. And relatedly, it seems to me the government had an obligation to make sure the court had that information in deciding what the appropriate sentence would be within that range. So that's why it seems to me your argument is one of enormous consequence if we were to say that what the government did here violated the plea agreement. A few things, Your Honor, in response. First of all, this court in Yehi Cabrera acknowledged that fact bargaining is a part of plea bargaining and acknowledged that in certain cases where a defendant enters into a plea bargain with the government, that you can bargain for certain facts to be presented to the court as sentencing and certain facts to be omitted. Omissions of fact can be implicit in a plea bargain. In Yehi Cabrera, the facts that were omitted from the plea agreement in question pertained to enhancement for possession of a firearm. And that's the type of agreement that we had. Are you denying that the evidence about the victims in this crime of pimping, you're denying that that was relevant conduct that the district court could have considered? It could have considered, well, first of all, there were... That is irrelevant conduct. Yes or no? Two out of the four additional victims were considered relevant conduct. The other two were too remote in time and unrelated to the latter charges to be considered relevant conduct. Those two that were not relevant conduct, even as found by probation in the pre-sentence report, were the two dismissed counts pertaining to victims A-O and N-S. So those were not even relevant conduct. As part of the plea agreement resulting from the indictment, they were certainly relevant to the indictment, right? Yes. And then you made a bargain and you got the benefit of the dismissal with respect to those two victims. Yes. So why does that make it not relevant conduct? I'm having the same problem that Judge Lopez is having. It's the two dismissed under the guidelines definition of relevant conduct. It has to be part of some continuous scheme or course of conduct. He was a pimp over a long period of time and he kept his victims on heroin and he beat them. Why can't the district court consider that to have been a relevant course of conduct? If there had not been the plea agreement that we had in this case, the court could consider it. But the implicit in the plea agreement here was that Mr. Davis's culpability would be limited to the three victims that he was pleading guilty to and the three victims contemplated in the plea agreement. Nothing in this plea agreement affects the United States Attorney's obligation to provide the court and the United States Probation Office with accurate and complete information regarding this case. Yes. And I think that stands in stark contrast to the promises that were made in the other provisions of the plea agreement. The government puts all the weight on that one particular sentence and cites cases regarding a prosecutor's duty of candor to the court. When this court has addressed the question of those dual obligations that a prosecutor has of candor to the court but adherence to a plea agreement, the distinction that this court has made is that the prosecutor has a duty of candor to the court when asked or when rebutting an argument by defendants. Counsel, here's how we started this. I asked if it was relevant conduct. You said, yes, it is relevant conduct except for the plea agreement. Judge Katzmann then said to your argument that it was implicit in the plea agreement that there is an explicit provision that allows the government to present this information to the court. So what's the response to that? That it stands in conflict to what was promised, Mr. Davis. You were your client's attorney at the time. I was. So you're saying that the plea agreement is unenforceable because it has an inherent conflict in it? In my reply brief, I did argue that there's an irreconcilable tension between those two provisions of the plea agreement, which creates an ambiguity in the plea agreement. Counsel, with reference to the plea agreement, the guidelines, not surprisingly the government invokes this provision, but the guidelines specifically say that a plea agreement that includes the dismissal of a charge or a plea agreement not to pursue a potential charge shall not preclude the conduct underlying such charge from being presented to the court. Doesn't that guidelines provision specifically put you on notice that the fact that you have a plea agreement that reflects a sentencing range based on certain conduct, that doesn't prevent the government from advising the court of other conduct, which we've been characterizing as relevant conduct. You're specifically given notice of that by the guidelines, are you not? May I respond? Yes, of course. Thank you. There was a specific provision of the plea agreement, though, that talked about the guidelines and how we agreed they would apply in this case. And there was no mention of factoring in a calculation for relevant conduct or victims beyond the three that Mr. Davis was pleading guilty to. And this court, again, when it comes to a prosecutor's duty of candor to the court, has recognized that in certain plea agreements, the prosecutor's duty is to omit certain facts. But the duty of candor to the court comes when directly asked or when rebutting to an argument made by a defendant. That's when the duty of candor comes into play. In this case, the information... There's a little bit, it seems to me, of sort of game playing in that concept that the court only gets all the information that it needs to make an informed sentencing decision if it happens to ask the right questions. The ability of the court to get all the information it needs for sentencing shouldn't depend upon the questions that it happens to ask, should it? You call it a game. Courts have called it fact bargaining, Your Honor. And it's a function, inevitable function of plea bargaining and how it works between the defense and the government. Suppose the government were to say the way we interpreted the explicit provision, which Judge Katzmann pointed out, it certainly preserved our right to present all conduct that we thought was relevant, and you agreed to that. I don't agree with that, Your Honor. But you did. You agreed to the agreement. You signed it. Your client, you signed it. Mr. Davis's reasonable understanding of the plea agreement at the time, he accepted that plea and waived his rights, that his culpability would be limited to the three women that he was pleading guilty to and the three women factored into the guideline calculation. Okay. You've reserved two minutes. Thank you. Judge Lynch, and may it please the Court, Mark Quinlivan on behalf of the United States. If I could just underscore a couple of the points that have already been reflected in the questions from the Court. As Judge Lopez, as you've noted, the background presumption under the guidelines is under 6B1.2a that information that is subject to a conduct that is subject to a dismiss count or a count that the government chooses not to pursue, nonetheless may be considered as relevant conduct under the guidelines. And in this case, as Judge Katzmann noted, and as we pointed out in our brief, in the very paragraph, paragraph 4 of the agreement, in which the parties made an agreement as to what the offense level would be, at the very end of that very paragraph is the language that nothing in this agreement affects the obligation of the United States Attorney's Office to provide accurate and complete information to the District Court and to the U.S. Probation Office. There is no except for clause in that language, and therefore there is no irreconcilable conflict in the agreement. Can I probe the sentencing hearing itself? Absolutely. And the defendant's argument that her client, the defense counsel's argument that her client was not given adequate notice regarding the three individuals who testified live, and then there was a statement that was read into the record. And you have cases, as you know, United States v. Milan Isaac from this circuit, which speak about putting a defendant on notice. And your argument seems to boil down to, well, there was no request for a continuance, so that there was no plain error, is your argument. What about basic? Is that your only argument? It's not my only argument. I understand, but what about good old-fashioned fairness? I mean, what is the process sort of within the office with respect to a victim witness testimony? Is the defendant put on notice prior to the hearing? Judge Katzmann, I think the expectation and the hope is that notice will be given. I think these kinds of cases are particularly difficult because in these kinds of cases, sex trafficking cases or where you have a child victim, it oftentimes, it sometimes isn't until the day of the hearing. Sometimes it's not until the hearing has actually taken place and a victim sees another victim testify and therefore has the courage to come forward. So, yes, in an ideal world, we would give advance notice, but in reality there are sometimes, particularly in these cases where we don't know, until the time of the hearing, who of the victims will testify. I will note, Judge Katzmann, that at the end of the plea hearing, the district court asked about whether or not there would be victims testifying at the sentencing hearing, and the government said that they were talking to victims. The government said in its sentencing memorandum that it intended to present the testimony and or information from certain victims. And, of course, the defendant was on notice by virtue of the pre-sentence report of those other victims, both of the two victims who were subject of the dismiss counts and C.G. and J.A., who were the two victims that the probation office found that they were considered to be relevant conduct. One of the defendant's arguments seems to be, well, the live testimony and the statement had an impact upon where in the range the judge decided to sentence the defendant. Because I think it was 216 months, and the range was 180 to 240, and hence I was prejudiced. And two answers to that. First, because this claim sort of relates to both of the arguments that my friend has raised. First off, with respect to the claim that there was a breach of the agreement, the district court, when it allowed this testimony, expressly said, this is not going to affect the guidelines calculation. So there's no possible prejudice in that respect. In respect to, so once we've gone beyond the calculation of the guidelines, then we start from the presumption, which is reflected in section 3661, that the district court can consider all relevant information at sentencing. At the end of the day, the second claim that my friend has raised is a constitutional claim, that the process here deprived him of due process sufficient that he is entitled to a new sentencing hearing. Because he was not able to rebut it. But that's why we pointed out to this court's decision, Diaz-Villafane, which when considering But it remains Milan-Isaac is 2014. That's right, Judge Kaplan, but Milan-Isaac is a very different context. That's a situation in which a district court considered information from a co-defendant's sentencing at the sentencing hearing of another, and the defendant had no information or notice of that. Diaz-Villafane, where admittedly it wasn't victims, it was witnesses, but this court noted the separate claim that it wasn't just the notice requirement under the Puerto Rico local rules, but the constitutional claim, and said at the end of the day, you're entitled to a fair sentencing hearing, meaning the opportunity to rebut. And one of the things you look at is, did the defendant request a continuance? And that's consistent with what this court has said in a variety of contexts. When new evidence comes up at trial, when there's a belated disclosure of evidence in a criminal case, that's one of the things this court takes into context. There was no request for a continuance. Counsel, can I ask you a question, please, about the concept of fact bargaining? There have been references to it. I understand Appellant Counsel be suggesting that this plea agreement illustrates the fact bargaining process, at least in the sense that there was an implied agreement not to disclose to probation in the court these other charges that were removed from the plea agreement. Have you ever entered into any plea agreements that make explicit what defense counsel was saying implicit here? In other words, there's actually an explicit statement that certain other aspects of the defendant's conduct, perhaps that may well be relevant, that that will not in fact be disclosed, obviously in a general way. I mean, have you ever entered into an agreement that explicitly reflects that kind of bargaining? Judge Lopez, I personally have never seen any such agreement. I can't speak, and I certainly will go back and try to ask that question. Let's get more specific. In this sort of case where the victims are reluctant to come forward, would the government ever have entered into a plea agreement agreeing that the victims, where they don't know whether they're going to come forward or not, will nonetheless be excluded from all information given to the district court? Yeah, absolutely. Judge Lynch, I'm not aware. I would be shocked if the government in this kind of case would enter into any such agreement. I would point out that the language in the plea agreement that Judge Katzmann has noted and that we relied on our brief, that was added to our plea agreements to avoid the very situation that we find ourselves in, where a defendant says that an agreement as to the calculation of the offense level necessarily means that any other relevant information or conduct that the defendant engaged in cannot be disclosed to probation or to the district court. Do you feel that you would be consistent with your obligations to the court, consistent with policy provisions and the guidelines? Could your office enter into an agreement that explicitly required you to not disclose to probation or the court other information about a defendant's conduct? I certainly, again, I'm not the decision maker on these. I don't think it would be consistent, and I would doubt that the government would enter into that. But if I find anything to the contrary, I'll submit a letter to the court so informing. Thank you. Counsel, if I might quickly. Yes. The government seems to be saying that what you say is an implicit part of this agreement and is something they could not explicitly agree to at all. It would not be consistent with their ethical obligations to the court or with the guidelines. How do you respond to that? Well, then what's the point of the concessions that they do make in the plea agreement that benefit Mr. Davis? What's the point of them agreeing to dismiss two counts, not having? Counsel, you've got an agreement to a sentencing range that is substantially below what the guideline range would be. So you have gotten that benefit. What you have not gotten the benefit of is preventing the government from arguing that this other conduct is relevant to the sentencing decision the court has to make, but then that agreed 180 to 240-much. You've definitely gotten benefit from this agreement. Well, there can be more than one benefit. The sentencing recommendation range encompassed the guideline sentencing range. It went a little bit lower and a little bit higher than what the parties at the Rule 11 hearing stated they believed the guidelines to be. But the other parts of the agreement where Mr. Davis is only pleading guilty to three victims and agreeing to a guideline calculation with three victims, if the prosecutor can... and gives the government a chance to resolve the question that Judge Lopez just asked them, they might well have said to you, no, as a matter of law, we can't do that. Because I've never seen a plea agreement that's explicit about the number of victims. I thought it was clear enough in the plea agreement that Mr. Davis's reasonable understanding of the plea agreement was that his culpability would be limited to three women. And if they can just... Okay, you've made that argument before. Do you have an additional point you'd like to make before you sit down? If the government can say we're going to give you these benefits, but then at sentencing, which I didn't know they were going to do, and when they started to do it, I did raise the issue, just introduce everything anyway, then what's the point of defendants entering into plea bargains like this? Thank you. Thank you. Okay.